**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-100-FDW-DSC**

| | |
|---|---|
| **PATRICK O. CHRISTIAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **RODNEY MOORE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

     **THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Patrick O. Christian, (Doc. No. 5), on Plaintiff's Motion to Seal Case, (Doc. No. 7), and on Plaintiff's Request to Receive Electronic Notification, (Doc. No. 6).

     On February 15, 2013, Plaintiff filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, in which he named multiple Defendants and alleged numerous fantastical conspiracies and wrongs committed against him, including, among other things, that the various Defendants have discriminated against him for being heterosexual by refusing to allow him to get a job; have attempted to kill him by poisoning the Mecklenburg County water supply; have conspired against his efforts to run for Charlotte mayor; threaten his life on a daily basis; have arrested him numerous times for refusing to become homosexual, for intervening in "child abuse and child abasement," and for allowing females to board a city bus ahead of him; have committed crimes against nature; have attempted to frame him for murder; have falsely accused him of being a paranoid schizophrenic; and have wrongly banned him from a men's homeless shelter. (Doc. No. 1 at 7-36).

In an Order dated February 28, 2013, this Court dismissed all of Plaintiff's claims as frivolous on initial review under 28 U.S.C. § 1915(e)(2). (Doc. No. 3).

On March 6, 2013, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion for reconsideration, Plaintiff merely reasserts some of the

allegations made in the original Complaint, and he makes additional fantastical and delusional allegations.  In sum, the Court will deny Plaintiff's motion for reconsideration.

Next, as for Plaintiff's motion to seal case, he states that he would like to have his case sealed because "everyone seems to be cooperating with those involved, and people have my literature, and other personal information with[out] my approving, allowing it, or giving it to them myself."  (Doc. No. 7 at 1).  Plaintiff's motion to seal is denied, as he has not met the requirements under this Court's Local Rules of Practice and Procedure for sealing filings in this Court.  <u>See</u> Local Rule 6.1(C).

Finally, Plaintiff has filed a "request" for electronic notification, asking for the Court to send notifications to his e-mail address.  The Court will construe the request as a motion, and the Court will deny the motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 5), his Motion to Seal Case, (Doc. No. 7), and his Motion for Electronic Notification, (Doc. No. 6), are **DENIED**.

Signed: March 8, 2013

Frank D. Whitney
**United States District Judge**